UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CASE NO. 4:06CV-115

**DENNIS CARTWRIGHT**                                                                                 **PLAINTIFF**

**v.**

**DAVIESS COUNTY, KENTUCKY and**
**DAVID OSBORNE, individually and in**
**his official capacity as the Daviess County**
**Jailer**                                                                                                            **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon a motion by Defendants, Daviess County, Kentucky and Jailer David Obsorne, for summary judgment on all claims brought by the Plaintiff, Dennis Cartwright ("Cartwright"). (DN 9). Cartwright seeks relief, under both 42 U.S.C. § 1983 (for a violation of his Eighth Amendment rights) and state law negligence theories, for injuries he suffered at the hands of other inmates while in the Daviess County jail. Fully briefed, this matter is ripe for decision. For the following reasons, the Defendants' motion is **GRANTED**.

### I. FACTS

On August 25, 2005, Plaintiff Dennis Cartwright ("Cartwright") was assaulted by two other inmates after he tried to prevent them from taking the commissary goods of his cell-mate. At that time, no guard was posted in the area of the prison where the assault occurred. As a result of the assault, Cartwright's jaw was fractured, and the injury required both hospitalization and surgery. The two inmates who assaulted Cartwright were moved to an insolation cell, pending a disciplinary hearing. To date, both inmates have been indicted by a grand jury for assault in the second degree.

In this action, Cartwright claims that the Defendants violated his Eighth Amendment right

not to be subjected to "cruel and unusual" punishment because they acted with deliberate indifference to his safety by operating a consistently overcrowded, underfunded, undertrained, under-maintained, and understaffed jail. He also claims that the Defendants are liable to him under state law theories of negligence and/or gross negligence and the for negligent infliction of emotional distress.

The Defendants do not dispute the Plaintiff's presentation of the material facts, but argue that even if those facts are accepted as true, the Defendants are entitled to judgment as a matter of law. Specifically, the Defendants argue that they are entitled to summary judgment because the Plaintiff cannot establish that alleged prison conditions were the proximate cause of his injury.

## II. STANDARD OF REVIEW

In order to grant a motion for summary judgment, the Court must find that the pleadings, together with the depositions, interrogatories and affidavits, establish that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The moving party bears the initial burden of specifying the basis for its motion and of identifying the portion of the record which demonstrates the absence of a genuine issue of material facts. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party themselves thereafter must produce specific facts demonstrating that a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party is required to do more than simply show that there is some "metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Co., 475 U.S. 574, 586 (1986). The Rule requires the non-moving party to present "specific facts showing

there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "The mere existence of scintilla of evidence in support of the [non-moving party's] position will be insufficient, there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson, 477. U.S. at 252. It is against this standard that the court reviews the following facts.

### III.  ANALYSIS

**A. The Eighth Amendment "Failure to Protect" Claim**

Section 1983 provides "a remedy for deprivations of rights secured by the Constitution," including violations of the Eighth Amendment's prohibition on cruel and unusual punishment. Lugar v. Edmonson Oil Co., 457 U.S. 922, 924 (1982). The Supreme Court has held that the "treatment a prisoner receives in prison and the conditions under which he is confined" are subject to scrutiny under the cruel and unusual punishment prohibition of the Eighth Amendment." Helling v. McKinney, 509 U.S. 25, 31 (1993); see also Farmer v. Brennan, 511 U.S. 825, 832 (1994); Taylor v. Little, 58 Fed. Appx. 66 (6th Cir. 2003).

The Eight Amendment imposes upon prison officials the duty to protect prisoners from violence at the hands of other prisoners and to "take reasonable measures to guarantee the safety of inmates." Hudson v. Palmer, 468 U.S. 517, 526-527 (1984); Farmer, 511 U.S. at 832- 833. However, not every injury suffered by a prisoner at the hands of another translates into constitutional liability for prison officials. Farmer, 511 U.S. at 834. To demonstrate a violation of their Eighth Amendment right, a plaintiff must satisfy two tests, one objective and one subjective. Id. The objective requirement requires the plaintiff to show that the alleged constitutional deprivation violation was "sufficiently serious." Id.; Flint v. Kentucky Department of Corrections, 270 F.3d 340, 352 (6th Cir. 2001). For the subjective component, the plaintiff must demonstrate that the prison

official acted with a sufficiently culpable state of mind - one of 'deliberate indifference' to a substantial risk of harm posed to the inmate. Id. "Deliberate indifference of a constitutional magnitude may occur when prison guards fail to protect one inmate from attack by another, " Walker v. Norris, 917 F.2d 1449, 1453 (6th Cir. 1990), but to show deliberate indifference, the plaintiff must demonstrate that the defendant consciously disregarded a known risk of substantial harm. Farmer, 511 U.S. at 848. More specifically, the plaintiff must show that (1) that the defendant was aware of facts from which the inference could be drawn that a substantial risk of serious harm exists; and 2) that the defendant actually drew the inference. Id at 837. Even if prison officials are aware of a substantial risk of harm, they are not deliberately indifferent if they respond reasonably to the risk, even if the harm is ultimately not avoided. Id. at 844.

Finally, if a plaintiff can establish that a defendant acted with "deliberate indifference" as to the plaintiff's safety, the plaintiff must then show that this indifference was the proximate cause of the plaintiff's injury. Doe v. Sullivan County, 956 F.2d 545, 550 (6th Cir. 1992); Leer v. Murphy, 844 F.2d 628 (9th Cir. 1988) (no liability because no causal connection between prison officials' actions and assault on inmates). An injury is proximately caused by an act when it appears from the evidence in the case that the defendant's conduct was a substantial factor in bringing about the plaintiff's harm and no rule of law relieves the defendant from liability because of the manner in which his conduct resulted in the harm. Restatement (Second) of Torts §431 (1965)). Indeed, in another "failure to protect" case, the Sixth Circuit held that evidence of overcrowding, dark cells, and a shortage of jailers did not establish that prison officials' deliberate indifference to these conditions caused an inmate assault. Doe, 956 F.2d. at 550. The court held:

> As offensive as these conditions may have been, they do not support the plaintiff's
> Eighth Amendment claim absent proof that they proximately caused his injury.

4

> While we recognize that proving causality in circumstances like these may prove difficult, we are nonetheless convinced that more is required than the plaintiff's naked assertion that the assault would not have occurred but for these conditions. To hold otherwise would effectively transform the causality requirement from a substantive element of proof into one of pleading. This we are unwilling to do.

Id.

Here, the Defendants also argue that even if the Court were to hold that the Defendants' acted with "deliberate indifference," there is no evidence to suggest that this indifference to the risk of harm created by the prison conditions was the cause of Cartwright's injury. The Court agrees. Cartwright argues that the failure of prison officials to use locks on cell doors and to adequately supervise the cell area even though inmates were advised to protect their own commissary goods shows that prison officials were deliberately indifferent to inmate safety and that this deliberate indifference caused his injuries. However, the prison conditions alleged in this case are virtually identical to the prison conditions alleged in Doe v. Sullivan, and there is no more evidence here that these conditions caused the Plaintiff's injury than there was in Sullivan. Accordingly, as to the Plaintiff's Eighth Amendment "failure to protect" claim, the Defendants are entitled to judgment as a matter of law.

**B. State Law Claims**

The Plaintiff also brings negligence claims under Kentucky tort law. However, these claims must also fail. In Kentucky, prison officials cannot be held liable for inmate injuries unless, in the exercise of ordinary care, the injury could reasonably have been anticipated. Taylor v. Curtis, 58 Fed. Appx. 66, 68 (6th Cir. 2003). See, e.g., City of Lexington v. Greenhow, 451 S.W.2d 424, 425-426 (Ky. 1970); Glover v. Hazelwood, 387 S.W.2d 600,

5

601 (Ky. 1965); Lamb v. Clark, 138 S.W.2d 350, 352 (Ky. 1940); Ratliff v. Stanley, 7 S.W.2d 230, 232 (Ky. 1928).  Here, there is no evidence that prison officials could reasonably have anticipated that attack on Cartwright. There is no direct evidence showing that prison officials knew that Cartwright may be attacked and no circumstantial evidence, such as a longstanding, well-documented history of inmate attacks at the detention facility, showing prison officials knew of a substantial risk to general inmate safety. Accordingly, summary judgment as to the state law claims is proper.

## IV. CONCLUSION

For the foregoing reasons, the Defendants' motion for summary judgment is **GRANTED**.  **IT IS SO ORDERED**.

cc: Counsel of Record